# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY LEE MONROE,

        Petitioner,

  v.

ISIDRO BACA, et al.,

        Respondents.

Case No. 3:18-cv-00552-HDM-CBC

**ORDER**

Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss three grounds for relief because they lack merit on their faces. The court will serve the petition upon respondents for a response to the remaining grounds.

The court draws the following basic facts from petitioner's allegations. Petitioner entered a Home Depot. Upon trying to exit the Home Depot, store employees confronted him and accused him of trying to steal a water filter.[1] A struggle resulted, and petitioner was arrested.

Petitioner alleges that the prosecution initially charged him with robbery. Then the prosecution dismissed the robbery charge and charged him with burglary. The burglary charge was dismissed before trial. Then the prosecution re-arrested petitioner and re-charged him with

---

[1] Petitioner alleges that he entered the Home Depot with the water filter and two other items. He returned the two other items for a store credit. Then he tried to leave. These facts are not relevant to the three grounds that the court is dismissing, but they might be relevant to the two remaining grounds.

robbery. The jury found petitioner guilty of robbery. The state district court convicted him of robbery and sentenced him to prison.

Ground 3 is a claim that the series of charging petitioner with robbery, then burglary, then back to robbery violated the Double Jeopardy Clause of the Fifth Amendment because jeopardy had attached. Petitioner is incorrect. Petitioner argues that jeopardy attached at the day of the motion to confirm trial. Petition, at 3 (ECF No. 1-1, at 3). However, jeopardy attaches when the jury is impaneled and sworn. Downum v. United States, 372 U.S. 734 (1963). The jury was not impaneled and sworn when the burglary count was dismissed and the robbery count was re-charged. Consequently, petitioner's rights under the Double Jeopardy Clause were not violated. Ground 3 is without merit on its face.

Ground 1 largely repeats the allegations of ground 3. To the extent that petitioner claims in ground 1 that the Double Jeopardy Clause was violated, ground 1 is both without merit and redundant. Petitioner also claims that the series of charges left the state district court without jurisdiction to try the case. This is a question of state law of criminal procedure. "A federal court may not issue the writ on the basis of a perceived error of state law." Pulley v. Harris, 465 U.S. 37, 41 (1984). To the extent that ground 1 is not a claim of a double-jeopardy violation, it is a claim of a violation of state law that is not addressable in federal habeas corpus. Ground 1 is without merit on its face.

Ground 2 is a claim that the prosecution failed to establish probable cause for the charge of robbery at the preliminary hearing. The jury's verdict of guilt makes harmless any constitutional error in the preliminary hearing. See United States v. Mechanik, 475 U.S. 66, 70 (1986). See also Williams v. Stewart, 441 F.3d 1030, 1042 (9th Cir. 2006). Ground 2 is without merit on its face.

IT THEREFORE IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that grounds 1, 2, and 3 of the petition are **DISMISSED** because they lack merit on their faces.

1     IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for
2  the State of Nevada, as counsel for respondents.

3     IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a
4  copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the
5  petition.

6     IT FURTHER IS ORDERED that respondents will have sixty (60) days from the date on
7  which the petition was served to answer or otherwise respond to the petition. Respondents shall
8  raise all potential affirmative defenses, including untimeliness, lack of exhaustion, and procedural
9  default, in an initial motion to dismiss. The court will not entertain successive motions to
10 dismiss.

11    IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must
12 comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District
13 Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served
14 to file a reply.

15    IT FURTHER IS ORDERED that if respondents file a motion, then petitioner will have
16 forty-five (45) days to file a response to the motion, and respondents will have twenty-one (21)
17 days from the date of filing of the response to file a reply.

18    IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies
19 of any electronically filed exhibits need not be provided to chambers or to the staff attorney,
20 unless later directed by the court.

21    DATED:   June 25, 2019.

_____
HOWARD D. MCKIBBEN
United States District Judge