UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY LEE MONROE,

           Petitioner,

    v.

ISIDRO BACA, et al.,

           Respondents.

Case No. 3:18-cv-00552-HDM-CBC

**ORDER**

**I.    Introduction**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 8) and respondents' motion to dismiss (ECF No. 10). Petitioner has not responded to the motion to dismiss, and thus he consents to the court granting it. LR 7-2(d). The court agrees with respondents that, of the two remaining grounds in the petition, one is procedurally defaulted and one is not exhausted. The court grants the motion to dismiss.

**II.    Procedural Background**

After a jury trial in state district court, petitioner was convicted of one count of robbery. Ex. 24 (ECF No. 11-24). Petitioner appealed. The Nevada Supreme Court affirmed on June 12, 2013. Ex. 51 (ECF No. 12-10). Remittitur issued on July 8, 2013. Ex. 56 (ECF No. 12-15).

Petitioner filed his first state post-conviction habeas corpus petition on April 5, 2013. He asked for additional presentence credits. Ex. 49 (ECF No. 12-8). The state district court denied

the petition. Ex. 50 (ECF No. 12-9). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 66 (ECF No. 12-25).

Petitioner filed his second state post-conviction habeas corpus petition on June 19, 2014. Ex. 72 (ECF No. 12-31). Respondents moved to dismiss the petition as untimely under Nev. Rev. Stat. § 34.726(1) and as successive under Nev. Rev. Stat. § 34.810. Ex. 77 (ECF No. 12-36). The state district court rejected respondents' arguments. First, the state district court determined that the first petition was a challenge to computation of time under Nev. Rev. Stat. § 34.720, and that a petition challenging the computation of time does not count as a first petition for the purposes of the successive petition bar of Nev. Rev. Stat. § 34.810. Ex. 80, at 2-3 (ECF No. 12-39, at 3-4). Second, the state district court determined that the petition was timely because petitioner filed it within one year of the issuance of remittitur on direct appeal. Id. at 3 (ECF No. 12-39, at 4) (citing Nev. Rev. Stat. § 34.726(1)). The state district court also dismissed six of the eight grounds for relief and appointed counsel to supplement the remaining two grounds for relief. Id. at 3-7 (ECF No. 12-39, at 4-8). Counsel filed a supplemental petition. Ex. 109 (ECF No. 13-28). The state district court held an evidentiary hearing. Ex. 123 (ECF No. 14-2). The state district court then denied the supplemental petition. Ex. 126 (ECF No. 14-5), Ex. 129 (ECF No. 14-8) (amended order).

Petitioner appealed. The Nevada Court of Appeals held that the state district court erred in not dismissing the petition as successive and abusive of the writ under Nev. Rev. Stat. § 34.810. Ex. 148, at 2 (ECF No. 14-27, at 3) (citing Griffin v. State, 137 P.3d 1165, 1166 (Nev. 2006).[1] The Nevada Court of Appeals also noted that petitioner did not attempt to demonstrate good cause to excuse the procedural bar. Id.

Petitioner then commenced this action. The court dismissed grounds 1, 2, and 3 of the petition because they plainly lacked merit. The court directed respondents to file a response, and they filed the motion to dismiss.

---

[1] "[A] claim for credit for presentence incarceration is a challenge to the validity of the judgment of conviction and sentence, which may be raised on direct appeal or in a post-conviction petition for a writ of habeas corpus complying with the statutory procedures governing petitions that challenge the validity of the judgment of conviction and sentence." Griffin, 137 P.3d at 1166.

2

### III. Discussion

Respondents first claim that ground 5 is procedurally defaulted. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The ground for dismissal upon which the Nevada Court of Appeals relied in this case is an adequate and independent state rule. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810).

The court agrees with respondents. Ground 5 is a claim that trial counsel provided ineffective assistance because trial counsel did not investigate and obtain video surveillance recordings of the area where petitioner was accused of committing robbery. Petitioner raised this claim in his supplemental second state petition. Ex. 109, at 8-10 (ECF No. 13-28, at 9-11). This claim also was the sole issue on appeal from the denial of the second state petition. Ex. 140 (ECF No. 14-19). The Nevada Court of Appeals ruled that the state district court should have dismissed the petition as a second or successive petition. Ex. 148, at 2 (ECF No. 14-27). Ground 5 is procedurally defaulted.

Petitioner did not respond to the motion to dismiss. Consequently, he did not attempt to show cause and prejudice, or actual innocence, to excuse the procedural default. The court dismisses ground 5.

Respondents argue that ground 4 is not exhausted. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that

court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The court agrees with respondents.  Ground 4 is a claim that the prosecution failed to disclose the entire video surveillance recording of the area where petitioner was accused of committing robbery.  Petitioner raised this claim in his supplemental second state petition.  Ex. 109, at 4-8 (ECF No. 13-28, at 5-9).  However, petitioner did not raise this claim on appeal from the denial of the second state petition.  See Ex. 140 (ECF No. 14-19).  Petitioner thus has failed to exhaust ground 4.

The sole remaining ground of the petition is exhausted.  Petitioner has not responded to the motion to dismiss.  Consequently, the court will dismiss this action.

**IV.     Conclusion**

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 10) is **GRANTED**.  This action is **DISMISSED** because ground 5 is procedurally defaulted and ground 4 is not exhausted.  The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED:  November 5, 2019.

_____
HOWARD D. MCKIBBEN
United States District Judge